The Court will proceed to the third case, Melesio-Rodriguez v. Sessions. Mr. Berg. Good morning. Good morning, Your Honor. May it please the Court. My name is Roy L. Berg and I represent the petitioner in this next matter before you, Claudia Melesio-Rodriguez. Your Honor, Ms. Melesio seeks your review of a decision of the Board of Immigration Appeals in which it dismissed her appeal from a decision by an immigration judge denying her motion to reconsider a prior decision of a prior judge. Ms. Melesio is the mother of three United States citizen minor children. She was brought to this country when she herself was a child of nine. She obtained lawful permanent residence when she was 19. She was abused by the father of one of her children and obtained an order of protection against him. She has been deported and her children are being cared for by her mother who is currently battling cancer. Where is she? Pardon me? Where are they? The children are with the mother here. Her mother is a U.S. citizen. In Chicago? In the McHenry, Your Honor. I'm just saying, okay. Her three children are being cared for. Whose, where? Her three children, Your Honor, are being cared for by her mother who herself is battling cancer. They live in McHenry, Illinois. Okay. Ms. Melesio herself was deported last August. Her children, as I said, are being cared for by the mother. How old are the kids? Pardon me? How old are the kids? The oldest was born in 2001, 16, and the others are younger, I believe, 11 and 8. Okay. In June 2014, Your Honors, Ms. Melesio was taken into immigration custody and placed in removal proceedings. She was taken to a jail in Juneau, Wisconsin, the Dodge County Jail, and there her removal hearing took place by televideo. The immigration judge was here in Chicago. At the final hearing on September 30, 2014, Judge Klein asked her this question, so do you wish to accept this as a final order of removal? Page 279 of the record. She said, yes, Your Honor. Now, the Board of Immigration Appeals, as cited by respondents and the Board, held in a case called Matter of Patino, that a noncitizen may challenge the validity of a waiver of appeal, either by filing a motion to reconsider with the immigration court or by filing a direct appeal to the Board of Immigration Appeals. Shortly after the order of deportation, September 30, 2014, the family retained me, and I filed both, a motion to reconsider with the immigration court and a direct appeal to the Board of Immigration Appeals. With my motion to reconsider, I had attached what's called an I-918, an application for a U visa, as well as an application for asylum and cat protection. Later, we were able to obtain the certification from the McHenry County State's Attorney Office that Ms. Melosio had, in fact, been abused by the father of her child. We submitted that to the immigration court as well. As I said, I also filed a direct appeal to the BIA, which dismissed it several months later without permitting briefing, concluding that the appeal had been waived by Ms. Melosio. They remanded the case back to the immigration court for consideration of the motion to reconsider. Judge Klein retired, and the motion to reconsider was taken up by Judge Fujimoto, who ultimately denied it. A timely appeal was filed with the Board of Immigration Appeals, which considered the waiver issue de novo, concluding that Ms. Melosio had, in fact, waived the appeal. This court in LDG v. Holder held that an immigration judge has the jurisdiction to adjudicate an I-192 waiver. That's the waiver a U visa applicant needs if they're inadmissible for any ground. That's exactly the type of waiver that Ms. Melosio needed. However, the judge never told her that she could seek a waiver with the immigration court. In fact, Ms. Melosio was under the impression that she would not qualify for the U visa. Had the judge told her that she could have obtained that, the judge could have clearly continued the case for the adjudication of that. Remember, Your Honors, Ms. Melosio was unrepresented. She was never physically brought to the courtroom here in Chicago. She was held in a jail in another state, Dodge County, Juneau, Wisconsin. Interestingly, the respondent does not cite, at least I could not find it in their brief, LDG, the important decision of this court that clearly holds an immigration judge can adjudicate this waiver, this very important waiver that she needed. As the respondent has pointed out, USCIS has denied the U waiver because they denied the I-192, the same thing that happened in LDG. But that does not preclude an immigration judge from adjudicating the waiver. We believe this is a very, very compelling case for a waiver. She's lived here much of her life. Her mother is suffering from cancer. She has three U.S. citizen children. In U.S. v. Lopez-Mendoza, the Supreme Court held that to satisfy due process, a waiver of appeal in an immigration case must be considered and intelligent. Your Honors, I would submit that the alleged waiver that happened in this case, September 30, 2014, was neither. It was not considered. It was not intelligent. Is that because she wasn't represented? She was not represented at all during those proceedings. She was being held in a jail in another state by ICE. They declined to release her on bond. She tried to get an attorney. She was not able to do so. In matter of Rodriguez-Diaz, a case involving a noncitizen who was unrepresented at his removal hearing, the board determined that the waiver was not knowing and intelligent. They looked to the same words that Judge Klein used here. Do you accept this decision as final? What the board held in Rodriguez-Diaz is that that's a shorthand term that practitioners of the immigration court know to mean, do you waive appeal? But an unrepresented, unsophisticated person in the ways of immigration law might not understand what that means. Interestingly, the statute, the INA, does not provide for a waiver of appeal. There's nothing in it at all. In fact, Judge Brezon in his concurrence in the Ninth Circuit case, Garcia, held that the regulation that does provide for it is ultra-virus. What the INA does provide, as noted in my brief, is something that's headed notice. If the immigration judge decides that an alien is removable and orders the alien to be removed, the immigration judge shall inform the alien of the right to appeal that decision and of the consequences for failure to depart under an order of removal, including civil and criminal penalties. I do not believe this record shows that Judge Klein clearly advised Ms. Melosio of her right to appeal the decision. Judge Klein also could have continued the case for the adjudication of a U visa. Now, at one point, it seems that she is directing DHS to send the application for the U visa to Ms. Melosio. At the September 30th hearing, the last hearing, Ms. Melosio said she never got that application. The Board and Respondents cite Matters Sanchez-Sosa. That's a case in which the Board held that upon a prima facie showing of a U visa application, the case should be continued for USCS to adjudicate the U visa, the visa for victims of domestic violence and other violent crimes. That was not done here. The case was not continued, and Ms. Melosio was not given the application for the U visa. She was not told by the judge that the judge could adjudicate the waiver she needed. Ms. Melosio was led to believe that there was nothing else that she could do. She respectfully submits that the alleged waiver of her right to appeal was not knowing and intelligent. I think, Your Honor, if you look at the transcript of the September 30th hearing, it's obvious that she was confused about what was taking place. As I said, she was not advised by Judge Klein of her right to seek this waiver in the court, the I-192 waiver she needed in order to get the U visa. She filed, after attaining counsel, a timely motion to reconsider as well as a timely appeal within 30 days, as the Board has discussed in Matter of Patino. What a noncitizen can do if they're alleging that the appeal waiver was not proper, was not knowing and intelligent. Those were done. Judge Fujimoto erred in denying the motion to reconsider. He erred as a matter of law. The Board erred as well as a matter of law in not reversing that decision. As noted by the respondent I said earlier, USCIS has denied the U visa application because they denied the I-192. But that's the same thing that happened in LDG, and we submit that had the opportunity for a waiver been presented to this respondent for a full formal hearing, at which her witnesses could have testified, that she would have been granted that waiver. Nevertheless, she was barred from seeking it and not told of her right to seek it with the Immigration Court. Your Honors, the regulation that provides for waiver of appeal is in H.C.F.R. 1241.1. As I said earlier, Judge Brezan of the Ninth Circuit has asserted that that regulation is ultra-virus because there's nothing in the INA that provides for the waiver of appeals. In his concurrence, Judge Brezan talks about a spur-of-the-moment waiver in the heat of an intimidating hearing. In that case, Mr. Garcia was told he had no hope of relief. He was told incorrectly that his conviction was an aggravated felony, but it was not an aggravated felony. And therefore, he was improperly advised and did not understand that he did have a recourse. And therefore, that appeal waiver was not knowing and intelligent. Your Honor, this Court in LDG, as the Supreme Court has said, and I, versus Cardoso, Ponsec, and many other cases, that there is a long-standing principle of construing any lingering ambiguities in deportation statutes in favor of the non-citizen. That's called the rule of leniency in immigration law. That was not exercised in this case. Your Honors, we would ask that it should have been granted, that this unrepresented woman being held in a jail in another state should have been given the opportunity to seek the waiver. She should have been told of her right to do so. Her rights to due process were violated. We'd ask, Your Honor, that you would grant her petition for review. Thank you very much. Thank you, Mr. Berg. Ms. Pergo-Lisi. Good morning, Your Honors. My name is Sarah Pergo-Lisi, and I represent the Attorney General of the United States. First, I'd really like to note, Your Honors, that the petitioner has failed to acknowledge that the issue of whether the waiver was knowing and intelligent is actually not before this Court because it is purely a factual issue, and this Court has precluded from considering that factual issue because of the criminal alien bar to judicial review. She has never contested that she is an alien who has been convicted of an offense relating to a controlled substance, which, under the jurisdictional bar, thus bars her from asking this Court to consider factual questions. And for that reason, primarily, we're asking that the Court dismiss this petition for review. Additionally, Your Honors, the petitioner, even if the Court reaches that factual issue, the petitioner has advocated a myopic view of what occurred during the immigration judge proceedings. He focuses, the petitioner's counsel, on the question that the immigration judge asks the petitioner, and the answer to that is, do you accept this decision as final? And while the Board, in matter of Rodriguez-Diaz, has held that that question alone is not enough for an unsophisticated pro se non-citizen to understand her appeal rights, the rest of the testimony in this proceeding make clear that the petitioner, Ms. Malicio, in this case, understood the consequences of her waiver of appeal. After making clear that she understood how to ask for continuances, how to talk about relief and her potential applications and her options in immigration proceedings, she then, after being asked if she accepted the decision as final, asked the immigration judge about the logistics of her removal, making clear that she understood what her decision in that hearing means. At bottom, the petitioner is asking that she now be allowed to change her mind when she made that decision knowingly and voluntarily and intelligently, and there is no room in the regulations of the statute for her to do so, and therefore she should be held to her waiver, and this Court should dismiss and deny this petition for review. If there are no questions... Well, what about all the problems now? I mean, I don't know anything about the family and where the kids are and that sort of thing, and grandmother and all that. Right, Your Honor. While her case is sympathetic and her personal circumstances are sympathetic, they don't have any bearing on the fact that she decided to accept the immigration judge's decision as final, and therefore she must be bound by that waiver. Well, I understand what she did, waived everything out, and all we're hearing here now is that she made a very big mistake and she deserves to have another start, but what were the reasons she was exported in the first place? I'm sorry? The reason she was deported in the first place? Yeah. She committed multiple criminal offenses, Your Honor, that stripped her of her legal permanent resident status and made her ineligible for many forms of relief, and the one form of relief from removal that remained for her, the ability to apply for asylum, withholding, and protection under the Convention Against Torture, she actively abandoned that application during her immigration proceedings. She told the immigration judge that she no longer sought to pursue that form of relief, and therefore she was left with very little. She did express that she was potentially eligible for a U visa. The immigration judge made sure to inform her of that form of relief, even though he had no jurisdiction to consider the application, then gave her an application, and she ultimately filed that application with the USCIS, the United States Citizenship and Immigration Service, but that application was ultimately denied, and so she really has no relief, and she must be held to the waiver that she made. Her decision to accept the immigration judge's decision as final is binding and is the end of the road. Her limited relief now, or before the board and the immigration judge, was to challenge the nature of that waiver, and she failed to do so effectively, and now she again tries to challenge that before the court, but the court is limited in its jurisdiction because of her criminal offenses. It's also limited because she now articulates a more sophisticated challenge that a litany of due process errors made her waiver ineffective in some way, but she hasn't exhausted those challenges before the board and the immigration judge, and therefore the court also lacks jurisdiction to consider those issues. And so really, while her case is sympathetic, we're left with no reasons to grant this petition for review, and therefore we would ask that you dismiss or deny it. All right. Thank you. Thank you, Your Honors. I respectfully disagree with counsel's assertion that this is only a question of fact. I would submit it is a matter of law, a question of law, whether or not this woman waived her right to appeal, irrevocably waived her right to appeal. Was it knowing and intelligent? I would submit it was not, and I would submit that is a question of law for this court, that you clearly do have jurisdiction. I believe counsel just asserted that Ms. Melosio was given the U visa application by the immigration judge. The record does not reflect that. She states on the September 30th hearing that she did not receive that application. As far as the I-589, the application for asylum that she did receive, she expressed her frustration at not being able to complete the application. It's a complex application. It's about eight or nine pages long. She said, I don't have that information. My mother has it. She has cancer. Clearly, she was frustrated. Clearly, she did not understand what was happening. Also, she was not told by the judge two very basic things. The judge did not tell her that she could apply for the waiver, the I-192, with the court. She was led to believe she would not qualify for that relief. Also, she was not told of her right to seek what's called voluntary departure, which might assist her with coming back earlier. As to the conviction, the first one that she had was what's called first offender probation. Certain states' attorneys on the court may recall what that is. Nevertheless, 1410 probation, she was told if she successfully completed it, it would not be considered a conviction. That was 1998. This court did not address that issue until several years later in Gill v. Ashcroft. The Ninth Circuit went the other way and said first offender probation is not considered a conviction. This court decided to go the other way. So when she entered that plea, she was only, I think, 18 at the time, was under the impression that if she successfully completed it,  Nevertheless, she was put in removal proceedings because that happened between the time her application was filed for permanent residence and when she was granted permanent residence. Nevertheless, Your Honor, in total, as respondents have acknowledged, this is a very sympathetic case. But it's also, more than that, it's a clear violation of due process and a clear violation of the statute. We'd ask Your Honors to grant this petition for review so this woman can be reunited with her children. We thank you very much. Thank you, Mr. Berg. Thanks to both counsel. The case is taken under advisement.